UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARA MANBER, as Administrator of the Estate of JOI TATICK, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DCM SERVICES, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, DCM SERVICES, LLC ("DCM SERVICES") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692k *et seq.*

3.  Venue is proper in this district under 15 U.S.C. § 1692k(d) because Plaintiff resides there, and the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Kings County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. DCM SERVICES maintains a location at 1550 American Boulevard E, Suite 200, Bloomington, Minnesota 55425.

7. Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the

"Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent initial letters and/or notices from DCM SERVICES, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

 a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

 b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

 i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

 ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. JOI TATICK was at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. At some time prior to March 16, 2023, JOI TATICK allegedly incurred a financial obligation to VERIZON WIRELESS.

18. The VERIZON WIRELESS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. JOI TATICK incurred the VERIZON WIRELESS obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

20. The VERIZON WIRELESS obligation did not arise out of a transaction that was for non-personal use.

21. The VERIZON WIRELESS obligation did not arise out of a transaction that was for business use.

22. The VERIZON WIRELESS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. VERIZON WIRELESS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. JOI TATICK passed away on December 25, 2021.

25. On November 18, 2022, the Surrogate's Court of the State of New York issued Letters of Administration to the Plaintiff.

26. On or before March 16, 2023, the VERIZON WIRELESS obligation was assigned, directly or through an agent, by an unknown party to DCM SERVICES for the purpose of collections.

27. At the time the VERIZON WIRELESS obligation was assigned to DCM SERVICES, the VERIZON WIRELESS obligation was in default.

28. DCM SERVICES caused to be delivered to Plaintiff a letter dated March 16, 2023, regarding the VERIZON WIRELESS obligation. **See Exhibit A**, which is fully incorporated herein by reference.

29. The March 16, 2023 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read and relied on the notices, statements and representations in the March 16, 2023 letter.

31. The March 16, 2023 letter stated, in part, the following:

> **DCM Services, LLC is a debt collector.** We are trying to collect a debt due from the assets of the estate. We will use any information you give us to help collect the debt.

32. Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

33. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006 et seq., commonly referred to as Regulation F.

34. Regulation F established a Model Form initial collection letter which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

35. Defendant was required by 12 CFR § 1006.34(c)(2)(v) to disclose the name of the current creditor in its March 16, 2023 letter.

36. In order to provide guidance to debt collectors, the CFPB proposed the following way to disclose the name of the creditor to whom the debt is currently owed:



See CFPB, Small Entity Compliance Guide: Debt Collecion Rule, April 2021, page 115.

37. The March 16, 2023 letter does not indicate the name of the creditor to whom the debt is currently owed as recommended by the CFPB.

38. In contrast, the March 16, 2023 letter disclosed the name of the original creditor to Plaintiff – VERIZON WIRELESS:

> **Our information shows:**
> JOI TATICK had the Verizon Wireless account 0785************.
> Original creditor: Verizon Wireless

39. This disclosure of VERIZON WIRELESS as the name of the original creditor is required by 12 CFR § 1006.34(c)(2)(iii).

40. While Defendant disclosed the name of the original creditor, the March 16, 2023 letter made it impossible to discern the name of the creditor to whom the debt was currently owed.

41. Defendant's March 16, 2023 letter reasonably led Plaintiff to believe that DCM SERVICES was attempting to collect the VERIZON WIRELESS obligation on behalf of some unknown assignee or purchaser of the VERIZON WIRELESS obligation.

42. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

43. As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

44. Defendants knew or should have known that their actions violated the FDCPA.

45. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

    a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    b) Failing to convey the name of the creditor to whom the debt is owed; and

    c) Failing to comply with provisions of Regulation F.

47. Defendants have made collection attempts against at least 50 natural persons in the State of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

48. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. Defendants' violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(10) and § 1692g(a)(2).

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

53. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

54. By failing to comply with Regulation F as described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

55. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

56. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

57. As described herein, Defendants violated 15 U.S.C. § 1692(g)(a)(2).

58. As described herein, Defendant violated provisions of Regulation F.

59. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

61. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

62. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 13, 2023               Respectfully submitted,

By:   *s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com

JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(973) 244-0019 facsimile

# Exhibit A



March 16, 2023

Reference: 75143888

DCM SERVICES, LLC
1550 AMERICAN BLVD E STE 200
BLOOMINGTON MN 55425-1116
Hours (CT): 7 am - 7 pm M-TH, 7 am - 5 pm F
Telephone: 612-243-8620
Toll-free: 877-326-1531 Fax: 877-326-8784

**DCM Services, LLC is a debt collector.** We are trying to collect a debt due from the assets of the estate. We will use any information you give us to help collect the debt.

We offer condolences for the loss of JOI TATICK. You are not required to use your assets or assets you jointly owned with the decedent to pay the decedent's debt. We are contacting you only in your capacity as an Estate Representative or attorney for the Estate of JOI TATICK.

**Our information shows:**

JOI TATICK had the Verizon Wireless account 0785***********.
Original creditor: Verizon Wireless

| | |
|---|---|
| As of June 16 2022, amount owed: | $141.50 |
| Between June 16 2022, and today: | |
| This amount in interest was charged: | + $0.00 |
| This amount in fees was charged: | + $0.00 |
| This amount was paid or credited toward the debt: | - $0.00 |
| Total amount of the debt now: | $141.50 |

**How can you dispute the debt?**

- **Call or write to us by April 30 2023, to dispute all or part of the debt.** If you do not, we will assume our information is correct.

- **If you write to us by April 30 2023,** we must stop collection on any amount you dispute until we send you information that shows the debt is owed. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by April 30 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about payment options.
  - Call us toll-free at 1-877-326-1531 to make payment.
  - Visit https://servicelink.dcmservices.com to manage the account and submit online payments. For first time users, enter:
    - Reference #: 75143888
    - PIN: 2155

- Call us with probate case number and/or trust information, if applicable.

**Notice:** See reverse side for important information.

Page 1 of 2

-----

Mail this form to:
DCM SERVICES, LLC

How do you want to respond?

## *IMPORTANT INFORMATION*

Under the law we are required to notify you of the following information. This list does not include a complete list of rights consumers have under State and Federal Laws.

### NOTICE OF PRIVACY RIGHTS

For important information regarding your privacy rights and the information DCM Services, LLC collects, please see our privacy policy located at: http://www.dcmservices.com/privacy.

### NOTICE ABOUT RECORDING DISCLOSURE

DCM Services, LLC may record its calls.

### FOR NEW YORK CITY RESIDENTS

New York City Department of Consumer Affairs License Number: 1239504

To discuss this account, please call our toll free number to speak with Christina Saltzer. A representative will be able to assist you during our normal business hours.

Please advise of your preferred language. DCM Services, LLC conducts its business in English, however, Spanish-speaking representatives are available to discuss Verizon Wireless accounts via phone and our online account management website (https://servicelink.dcmservices.com) is available in Spanish. We do not offer translation of any written correspondence into Spanish or any other language. A translation and description of commonly-used debt collection terms is available in multiple languages on the Department's website, www.nyc.gov/dca.

The following notice is required by the law in your state. You have the option to exercise your rights under the terms provided on the front of this letter or as set forth below and we will honor any such exercise of your rights under either option.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

### FOR NEW YORK RESIDENTS

Under the federal Fair Debt Collection Practices Act, collectors are prohibited from engaging in abusive, deceptive and unfair collection efforts including, but not limited to the following: 1) the use or threat of violence; 2) the use of obscene or profane language; 3) repeated calls with the intent to annoy, abuse or harass. Although we do not sue or seek money judgments and are seeking payment only from the assets of an estate, NY requires us to disclose that state and federal laws may prevent the following types of income from being taken to pay this debt if there is a money judgment on the account: 1) Supplemental security income (SSI); 2) Social Security; 3) Public Assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veteran's benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) 90% of wages or salary earned in the last 60 days.

You may request letters in an alternative, reasonably accommodatable format, selected by us, such as large print, braille, audio compact disc, or other means by calling us at 877-326-1531.